The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following questions:
 1. Does the city council in a city of the first class-mayor/council form of government-have authority to prevent police officers from wearing their uniforms on off-duty jobs when they have created a Civil Service Commission?
 2. Can the mayor in a city of the first class-mayor/council form of government-with a Civil Service Commission prohibit the police chief from working part-time?
I have received correspondence regarding your request which indicates that your questions apparently pertain, specifically, to the City of Pine Bluff. It is my understanding that both the City and the Pine Bluff Civil Service Commission have recently terminated the services of the Chief of Police, and that suit has been filed in this matter. Because your second question will, in all likelihood, be addressed by the court, I am unable at this time to issue an opinion on that matter (see Op. Att'y Gen.92-276, a copy of which is enclosed).
In response to your first question, while the answer is by no means clear under current law, it is my opinion that there are at least two arguments in favor of the city council's authority in this regard. Arkansas Code Annotated § 14-43-502(b)(1) (1987) states in relevant part that the council "shall have the management and control of . . . all the real and personal property belonging to the corporation." Thus, if it is determined that the uniforms belong to the city, it may be concluded that the council's management and control of the property includes determining when the property may be used. I lack sufficient information to determine whether the uniforms in fact belong to the city. That determination will, I believe, involve a factual inquiry. My research has not yielded a governing state statute.
Alternatively, it may be contended that this matter, i.e., wearing uniforms on off-duty jobs, similar to such matters as uniform specifications and use of department property, falls within the day-to-day management of the department, and is thus outside of the civil service commission's rule-making authority.See A.C.A. §§ 14-51-301(c) and 14-51-212(a) (Cum. Supp. 1991). There are no helpful cases interpreting the phrase "day-to-day operations" as it is used in these Code provisions following passage of Act 439 of 1989. Although the Arkansas Supreme Court recently addressed this exception to the commission's authority in Tovey v. City of Jacksonville, 305 Ark. 401, 808 S.W.2d 740
(1991), the case offers no guidance in this instance. (The court held therein that the civil service commission's modification of an officer's punishment imposed by a police chief cannot be construed as an interference with the day-to-day management of a police department.) While a conclusive resolution will probably require either legislative clarification or a judicial ruling,[1] I believe there is a strong argument that this type of decision concerning the officers' uniforms involves the day-to-day management or operation of the department. This matter could therefore be addressed by the council through the adoption of department regulations set out by the chief of police. A.C.A. § 14-51-302 (1987).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The ruling in the ongoing case referenced above, involving the Chief of Police in the City of Pine Bluff, may offer some guidance in this area concerning the delineation of authority between the civil service commission and the city council. Although the case will not offer state-wide precedent unless appealed, the ruling may offer insight into the judiciary's likely approach to the issue.